UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOHN and GAEMA OBENCHAIN, | No. 2:10-cv-02304-MCE-KJN |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| WELLS FARGO BANK N.A., et al., | |
| Defendants. | |

Plaintiffs John and Gaema Obenchain ("Plaintiffs") seek redress from Defendants Wells Fargo Bank, N.A. and Bank of America, N.A. ("Defendants") based on alleged violations of the Truth in Lending Act ("TILA") and the California Business & Professions Code § 17200 et seq.  Presently before the Court are Defendants' Motions to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set forth below, Defendants' Motions to Dismiss are both granted.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

**BACKGROUND**[2]

This action stems from a refinanced residential mortgage loan on Plaintiffs' property. Plaintiffs refinanced the loan on their home through Defendant Bank of America. The transaction was completed on August 2, 2007. Plaintiffs allege that they did not receive the required disclosures at the time of refinancing, including the notice of the right to cancel, in violation of TILA. On May 15, 2010, Plaintiffs' counsel notified Bank of America that they were in violation of TILA § 1635, and as such, Plaintiffs were exercising their right to rescind the transaction.[3]

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the... claim is and the grounds upon which it rests."

---

[2] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified.

[3] There were several other issues raised by both parties, including whether Plaintiffs had properly notified the lender of rescission, and whether Plaintiffs were subsequently required to make a tender offer after rescission. These arguments need not be addressed here.

2

1  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
2  citations and quotations omitted).  Though "a complaint attacked
3  by a Rule 12(b)(6) motion" need not contain "detailed factual
4  allegations, a plaintiff's obligation to provide the 'grounds' of
5  his 'entitlement to relief' requires more than labels and
6  conclusions, and a formulaic recitation of the elements of a
7  cause of action will not do."  Id. at 555 (quoting Papasan v.
8  Allain, 478 U.S. 265, 2869 (1986)).  A plaintiff's "factual
9  allegations must be enough to raise a right to relief above the
10 speculative level."  Id. (citing 5 C. Wright & A. Miller, Federal
11 Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must
12 contain something more...than...a statement of facts that merely
13 creates a suspicion [of] a legally cognizable right of
14 action.")).
15      Further, "Rule 8(a)(2)...requires a 'showing,' rather than a
16 blanket assertion, of entitlement to relief.  Without some
17 factual allegation in the complaint, it is hard to see how a
18 claimant could satisfy the requirements of providing...grounds on
19 which the claim rests."  Twombly, 550 U.S. at 555 n.3 (internal
20 citations omitted).  A pleading must then contain "only enough
21 facts to state a claim to relief that is plausible on its face."
22 Id. at 570.  If the "plaintiffs...have not nudged their claims
23 across the line from conceivable to plausible, their complaint
24 must be dismissed."  Id.
25 ///
26 ///
27 ///
28 ///

3

1     Once the court grants a motion to dismiss, they must then
2 decide whether to grant a plaintiff leave to amend.  Rule 15(a)
3 authorizes the court to freely grant leave to amend when there is
4 no "undue delay, bad faith, or dilatory motive on the part of the
5 movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
6 leave to amend is generally only denied when it is clear that the
7 deficiencies of the complaint cannot possibly be cured by an
8 amended version.  See DeSoto v. Yellow Freight Sys., Inc., 957
9 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
10 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
11 not be dismissed under Rule 12(b)(6) unless it appears beyond
12 doubt that the plaintiff can prove no set of facts in support of
13 his claim which would entitle him to relief.") (internal
14 citations omitted).
15
16                            **ANALYSIS**
17
18     Plaintiffs allege violations of state and federal law and
19 requests relief accordingly.  However, the issue before the Court
20 is not the substance of these various claims, but whether
21 Plaintiffs have plead enough facts on the federal claim as a
22 general matter, for any to stand.  While the complaint does not
23 need detailed factual allegations, it must still provide
24 sufficient facts alleged under a cognizable legal theory.  See
25 supra.
26 ///
27 ///
28 ///

                                4

**A.   TILA Claim**

Plaintiffs seek to rescind his loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., as well as declaratory and injunctive relief preventing Defendants from taking any action to foreclose on the property at issue. Defendants argue that Plaintiffs' claim is time-barred because civil damages are subject to a one-year statute of limitations, and claims for rescission have a three-year statute of limitations.

For a plaintiff to collect civil damages from a defendant who failed to provide disclosures mandated by TILA, the statute of limitations requires plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e). The "date of occurrence" is the date the transaction is consummated, which in the case of a mortgage loan, is when the plaintiff closed on the loan. See Walker v. Washington Mut. Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

To sustain a claim for rescission under TILA, a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms. 15 U.S.C. § 1635(f)(3). If the required disclosures are not provided, then the right to cancel the transaction extends to three years after the date the loan closed. 15 U.S.C. § 1635(f).

///
///
///

5

1    In the instant case, Plaintiffs are time-barred from
2 asserting civil damages under 15 U.S.C. § 1640, as the date of
3 occurrence (the date of refinancing) was more than one year from
4 the date the case was filed. Any relief sought under 15 U.S.C.
5 § 1635 similarly does not stand, as the section does not apply
6 "to a transaction which constitutes a refinancing or
7 consolidation of the principal balance...secured by an interest
8 in the same property." 15 U.S.C. § 1635(e)(2). Taking the facts
9 in the light most favorable to Plaintiffs, the Court lacks
10 sufficient information to determine whether a claim can be
11 sustained as the case is currently stated. Accordingly, both
12 Defendants' Motions to Dismiss Plaintiffs' TILA claim are
13 granted.
14
15    **B.   Plaintiff's Remaining Causes of Action**
16
17    Plaintiffs' federal claim presently dismissed, the Court
18 declines to exercise supplemental jurisdiction over the remaining
19 state cause of action. The Court need not address the merits of
20 Defendants' Motions to Dismiss with respect to the remaining
21 state law causes of action, as those issues are now moot.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

**CONCLUSION**

As a matter of law, and for the reasons set forth above, both Defendants' Motions to Dismiss Plaintiffs' Complaint (ECF Nos. 6 and 7) are GRANTED with leave to amend.[4]  Plaintiffs have not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiffs' claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: November 12, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230 (g).

7