UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN OBENCHAIN; GAEMA OBENCHAIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., and BANK OF AMERICA, N.A. as servicer of the mortgage, and DOES 1-100,<br><br>    Defendants. | No. 2:10-cv-02304-MCE-KJN<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Plaintiffs John and Gaema Obenchain ("Plaintiffs") seek redress from Defendants Wells Fargo Bank and Bank of America ("Defendants") for alleged violations of the Truth in Lending Act ("TILA") and the California Business and Professions Code. This Court previously dismissed Plaintiffs' initial Complaint with leave to amend. (ECF No. 16.)

///

///

1

Presently before the Court are Defendants' separate Motions to Dismiss Plaintiffs' First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 22 & 23.) For the following reasons, Defendants' Motions to Dismiss are both granted, and the case is remanded to state court.

## BACKGROUND[2]

On August 2, 2007, Plaintiffs refinanced their residential mortgage through Bank of America.  As part of the refinance, Plaintiffs paid closing costs and fees in addition to existing mortgages held by Bank of America.  Bank of America subsequently sold the loan to Wells Fargo Bank.  Plaintiffs allege that they did not receive proper notice of the right to cancel the refinance transaction as required by TILA.  On May 15, 2010, Plaintiffs' counsel sent a letter notifying Bank of America that it was in violation of TILA § 1635, and that Plaintiffs were exercising their right to rescind the transaction.

Plaintiffs assert that they received $32,682.57 in additional funds used in connection with the refinance drawn from a new loan of $61,500.  (Pl.'s Opp'n to Bank of America 6, ECF No. 26.) Plaintiffs cite the "Buyer/Borrower Closing Statement" attached to the FAC as Exhibit 2 as evidence for the additional funds.

---

[1] All subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] The factual assertions in this section are based on the allegations in Plaintiffs' FAC unless otherwise noted.

Defendants argue that there were no additional funds advanced by Bank of America in connection with the refinance. (Def. Bank of America's Reply 2-4, ECF No. 27.)  Exhibit 2 does in fact show an entry for exactly $32,682.57. However, it does not list any additional funds to Plaintiffs.  Instead, $32,682.57 is listed as a "credit" under the heading "Balance Due from Buyer/Borrower." Further, although Exhibit 2 has an entry for $61,500 as a "credit" under the heading "Principal Amount of Loan from Bank of America," it also has an entry for the same amount as a "debit" under the heading "2nd Loan Funds Retained by Len to Bank of America."

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

3

1 Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869
2 (1986)).  A plaintiff's "factual allegations must be enough to
3 raise a right to relief above the speculative level."  Id.
4 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure
5 § 1216 (3d ed. 2004) ("[T]he pleading must contain something
6 more...than...a statement of facts that merely creates a
7 suspicion [of] a legally cognizable right of action.")).

8     Further, "Rule 8(a)(2)...requires a 'showing,' rather than a
9 blanket assertion, of entitlement to relief.  Without some
10 factual allegation in the complaint, it is hard to see how a
11 claimant could satisfy the requirements of providing...grounds on
12 which the claim rests."  Twombly, 550 U.S. at 555 n.3 (internal
13 citations omitted).  A pleading must then contain "only enough
14 facts to state a claim to relief that is plausible on its face."
15 Id. at 570.  If the "plaintiffs...have not nudged their claims
16 across the line from conceivable to plausible, their complaint
17 must be dismissed."  Id.

18     Once the court grants a motion to dismiss, they must then
19 decide whether to grant a plaintiff leave to amend.  Rule 15(a)
20 authorizes the court to freely grant leave to amend when there is
21 no "undue delay, bad faith, or dilatory motive on the part of the
22 movant."  Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
23 leave to amend is generally only denied when it is clear that the
24 deficiencies of the complaint cannot possibly be cured by an
25 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
26 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
27 Dept., 901 F. 2d 696, 699 (9th Cir. 1990)
28 ///

("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

**ANALYSIS**

**A.   TILA**

Plaintiffs seek rescission of the transaction refinancing their home pursuant to TILA, 15 U.S.C. § 1635.[3]  However, section 1635 does not apply to the subject transaction.  The right to rescind under section 1635 does not apply to

> a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property.

15 U.S.C. § 1635(e)(2).  TILA has been implemented by regulations promulgated by the Federal Reserve Board ("Board").  See 12 C.F.R. § 226.1.  The Board's interpretation is entitled to deference.  Household Credit Services, Inc. v. Pfennig, 541 U.S. 232 (2004) (holding that Regulation Z was binding in interpreting an arbitrary provision of TILA).

///
///
///

---

[3] This Court previously held that Plaintiffs are time-barred from asserting civil damages under 15 U.S.C. § 1640.  Although the FAC does not specifically seek damages under section 1640, to the extent Plaintiffs do in fact seek damages under TILA, this Court again holds that such a claim is time-barred.

5

1 Regulation Z interprets section 1635 and excludes refinance 2 transactions from rescission under TILA that are "by the same 3 creditor of an extension of credit already secured by the 4 consumer's principal dwelling." 12 C.F.R. § 226.23(f)(2). 5 However, refinance transactions are not excluded to the extent 6 that "the new amount financed exceeds the unpaid principal 7 balance, any earned unpaid finance charge on the existing debt, 8 and amounts attributed solely to the costs of the refinancing or 9 consolidation." Id. As a result, borrowers are entitled to 10 rescind only to the extent that the refinance involves "new 11 money." In re Porter, 961 F.2d 1066, 1074 (3rd Cir. 1992).

In the instant case, Plaintiffs allege that the subject transaction included $32,682.57 in additional cash out to Plaintiffs. The Buyer's/Borrowers Closing Statement, attached to the FAC as Exhibit 2 and referenced by the FAC, specifically precludes the Court from concluding that Plaintiffs' allegation is true. Exhibit 2 does not list any cash out in connection with the refinance transaction. Instead, the closing statement lists $32,682.57 as "Balance Due from Buyer/Borrower." The Court finds that Plaintiffs' Exhibit 2 expressly and unambiguously contradicts Plaintiffs' allegation that the subject transaction included additional cash out. Although the Court must normally take all Plaintiffs' allegations in the complaint as true for purposes of a motion to dismiss, the Court is not required to take as true allegations that are expressly contradicted by a referenced exhibit to the complaint. See In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008).

///

1    As a result, the Court concludes that Plaintiffs did not
2 receive cash out in connection with the subject transaction.
3 Instead, the subject transaction solely financed the unpaid
4 principal balance of the previous mortgage, earned unpaid finance
5 charges on the existing debt, and amounts attributed solely to
6 the costs of the refinancing or consolidation.  To the extent
7 information was provided by the Plaintiffs, the Court concludes
8 the subject transaction falls squarely under the exclusion in
9 15 U.S.C. § 1635(e)(2).  Accordingly, both Defendants' Motions to
10 Dismiss Plaintiffs' TILA claim are granted.
11
12   **B.   Plaintiffs' Remaining Causes of Action**
13
14    Plaintiffs' federal claim presently dismissed, the Court
15 declines to exercise supplemental jurisdiction over the remaining
16 state causes of action.  A court may decline to exercise
17 supplemental jurisdiction when all claims over which the court
18 had original jurisdiction have been eliminated.  28 U.S.C.
19 § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1000
20 (9th Cir. 1997).  Where all federal claims are dismissed before
21 trial, courts should not normally exercise supplemental
22 jurisdiction.  Id.  The Court need not address the merits of
23 Defendants' Motions to Dismiss with respect to the remaining
24 state law causes of action, as those issues are now moot.
25 ///
26 ///
27 ///
28 ///

7

**C.     Leave to Amend**

Because TILA does not apply to the subject transaction as a matter of law, this Court concludes that the defect cannot be cured by an amended complaint. Plaintiffs have previously been granted leave to amend, and did not materially change the Complaint to address the Court's concerns regarding the right to rescind under TILA. Because it is apparent that Plaintiffs will not be able to allege facts sufficient to support a TILA cause of action, the Court does not grant leave to amend.

**CONCLUSION**

For the reasons set forth above, Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint are GRANTED as to the TILA claim without leave to amend. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and hereby REMANDS this action to Superior Court of California, County of Solano pursuant to 28 U.S.C. § 1447(c). The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: February 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE